In re TENNESSEE CONST. CO.

Appeal of AMERICAN SURETY CO. OF NEW YORK et al.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 163.

1. BANKRUPTCY (§ 91*)—INVOLUNTARY PROCEEDINGS—CORPORATION—COURT—JURISDICTION—BURDEN OF PROOF.

Where an involuntary bankruptcy petition was filed in the bankruptcy court for the Southern District of New York against a Missouri corporation, required by Rev. St. Mo. 1909, § 3035, to have and keep a general office within the state of Missouri, the burden of proving that the corporation's principal place of business was in New York was on the petition-

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

213 F.—3

ing creditors, under Bankr. Act, 1898, § 2, requiring that petitions in bankruptcy shall be filed in the district where the alleged bankrupts reside or have their respective domiciles or principal places of business.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 137–139; Dec. Dig. § 91.*]

2. Bankruptcy (§ 91*)—Involuntary Proceedings—Place—Foreign Corporations—Principal Place of Business—Location—Evidence.

Where an alleged bankrupt, a Missouri corporation, for a considerable time had done no business except to keep up its existence, evidence that certain of its individual officers resided in New York, that on two occasions directors' meetings were held there, and that certain letters written by its officers with reference to its affairs were "headed" at New York was insufficient to show that the corporation's principal place of business was located there, so as to confer bankruptcy jurisdiction on the federal courts located in New York.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 137–139; Dec. Dig. § 91.*]

Appeal from the District Court of the United States for the Southern Division of New York.

In the matter of involuntary bankruptcy proceedings against the Tennessee Construction Company. From a decree dismissing the petition (207 Fed. 203), the American Surety Company of New York and others appeal. Affirmed.

The petition alleged, among other things, that petitioners were each of them creditors of the alleged bankrupt in a large amount, and that, while insolvent it had within four months committed an act of bankruptcy in consenting to the appointment of a receiver on the ground of insolvency, by the state court of Missouri.

The alleged bankrupt is a corporation organized under the laws of the state of Missouri. Soon after its formation it entered into a contract with the Tennessee Central Railroad Company to construct that railroad. It did construct the railroad, through subcontractors, and received in payment therefor securities of said Tennessee Central Railroad. These securities, together with securities of the Nashville Terminal Company, constitute almost the entire assets of the alleged bankrupt. In addition to these it is the owner of certain subsidy bonds given by the city of Nashville, Tenn. Since the completion of the railroad it has been engaged in no construction work. These securities constituted its only source of income, and for a long time prior to the filing of the petition its principal business consisted in endeavoring to conserve these assets and enhance their value. With this end in view attempts were made to reorganize the Tennessee Central Railroad.

McLaughlin, Russell, Coe & Sprague, of New York City (Frederick C. McLaughlin, of New York City, of counsel), for appellants.

Hirsch, Scheuerman & Limburg, of New York City (Morris J. Hirsch and Rudolph A. Seligmann, both of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. Petitions in bankruptcy are to be filed in the district where the alleged bankrupts reside or have their respective domiciles, or have had their principal places of business. Section 2. The petition alleges that the Tennessee Construction Company "has for the greater portion of the six months next preceding the date of the filing of the petition had its principal place of business in (the South-

-ern District of New York)." This averment was controverted, and the issue thus raised is the only one in the case.

[1, 2] The Revised Statutes of Missouri provide (section 3035) that every corporation created or existing under the laws of that state shall have and keep a general office for the transaction of business, and shall have and keep such office within the state of Missouri. The burden of proving that the principal place of business of this Missouri corporation was in New York rests on the petitioning creditors, and we concur with Judge Mayer in the conclusion that .they have not sustained that burden. The proposition would, in. this case,.be difficult to prove, because for a long time past the corporation has practically not been doing any business, except to keep on living. Quite naturally the efforts towards that end have been located, in a sense, beneath the hats of the different officers and directors who, by interviewing different persons in different places, have tried to keep it alive. The residence of these individual officers seems.to us of no importance. The fact that once—perhaps twice—a directors' meeting was, as a matter of convenience, held in New York is insignificant. Nor is the "heading" of letters written by its officers in reference to its affairs at all persuasive. The "headings," like the rest of the letters, were type--written and usually gave the office address of the particular individual who wrote the letter.

The estate of the alleged bankrupt corporation is now being administered in the courts of the state which created it, and there is nothing in this record which calls for any attempted interference with that administration.

The decree is affirmed.